91 F.3d 132
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Susan M. POWER, Plaintiff-Appellant,
v.
ALEXANDRIA PHYSICIANS GROUP, LIMITED; Benedict J. Semmes,
M.D., Defendants-Appellees,
and
Arlington Hospital Association, Defendant.
 No. 95-2280.
 United States Court of Appeals, Fourth Circuit.
 Argued April 5, 1996.
Decided July 3, 1996.
 
 ARGUED: John Mansfield Falk, THE FALK LAW FIRM, P.L.C., Washington, D.C., for Appellant. Edward Anthony Gonsalves, GODARD, WEST & ADELMAN, Fairfax, Virginia, for Appellees. ON BRIEF: James H. Falk, Sr., James H. Falk, Jr., Robert K. Tompkins, THE FALK LAW FIRM, P.L.C., Washington, D.C., for Appellant. Gary Albert Godard, GODARD, WEST & ADELMAN, Fairfax, Virginia, for Appellees.
 Before ERVIN, Circuit Judge, PAYNE, United States District Judge for the Eastern District of Virginia, sitting by designation, and KELLAM,* Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Susan M. Power obtained a verdict in the amount of $5 million against Arlington Hospital Association under the Emergency Medical Treatment and Active Labor Act ("EMTALA") in recompense for personal injuries Power sustained as a result of the hospital's failure to provide an appropriate screening examination within the meaning of EMTALA. Power v. Arlington Hospital Ass'n, 800 F.Supp. 1384 (E.D.Va.1992) ("Power I "). While the verdict in Power I was on appeal to this court, Power instituted an action for malpractice against the hospital, the Alexandria Physicians Group, Limited and Dr. Benedict J. Semmes. Thereafter, this court decided Power I. Power v. Arlington Hospital Ass'n, 42 F.3d 851 (4th Cir.1994). As a result, the verdict of $5 million in Power I was reduced to $1 million.
 
 
 2
 Power then revived the dormant malpractice action and consented to the dismissal of the hospital as a defendant on the ground that it had been held liable already in Power I. The remaining defendants, Dr. Semmes and Alexandria Physicians Group, Limited, moved for dismissal contending that the $1 million EMTALA award in Power's favor in Power I constituted the entire amount recoverable by her because of Virginia's $1 million medical malpractice cap. Va.Code Ann. § 8.01-581.15 (Michie 1992). Power opposed dismissal on the theory that a second cap in the amount of $1 million was available in her malpractice action against Dr. Semmes and Alexandria Physicians Group, Limited. The district court, relying principally upon this court's decision in Power I, accepted the defendants' contention and granted their motion to dismiss the complaint in this action.
 
 
 3
 We have reviewed the district court's opinion, the record, the briefs and the contentions advanced by both parties at oral argument and find no reversible error. Accordingly, we affirm the decision of the district court on the reasoning of that court. Power v. Alexandria Physicians Group, Limited, 887 F.Supp. 845 (E.D.Va.1995).
 
 
 4
 AFFIRMED.
 
 
 
 *
 Senior Judge Kellam heard oral argument in this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d)